E-filing

Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Hannah R. Salassi, Esq. (S.B. # 230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
email: scole@scalaw.com
email: mbainer@scalaw.com
email: hsalassi@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Classes

FILED
JUL 2 3 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

ADR

| | |
|---|---|
| JACOB BALTAZAR, CLAUDIA KELLER, JOHN R. BROWNING, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE, INC.,<br><br>Defendant. | Case No. **C10-03231**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**<br><br>[Jury Trial Demanded] |

Representative Plaintiffs allege as follows:

### PRELIMINARY STATEMENT

1. This is a class action, brought under Rule 23 of the Federal Rules of Civil Procedure, seeking damages, restitution, interest thereon, injunctive and other equitable relief and reasonable attorneys' fees and costs on behalf of Representative Plaintiffs and all other persons who have purchased the iPad tablet computer (hereinafter referred to as the "Class Members," the "Plaintiff Classes" and/or either of the Classes defined herein) from defendant APPLE, INC. (hereinafter referred to as "APPLE" and/or "Defendant") either directly therefrom or indirectly from a distributor or retailer thereof within the United States at any time during the

applicable limitations period. The Representative Plaintiffs, on behalf of themselves and all Class Members, also seek injunctive relief and restitution of all benefits APPLE has enjoyed from its unlawful and/or deceptive business practices, as detailed herein.

## JURISDICTION AND VENUE

2. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction) and/or 28 U.S.C. §1331 (controversy arising under United States law). Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367.

3. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction) and/or 28 U.S.C. §1331 (controversy arising under United States law). Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367.

4. Venue is proper in this Court under 28 U.S.C. § 1391 because the events that give rise to Plaintiffs' claims took place within the Northern District of California and because APPLE is headquartered in, and maintains its principal place of business within, this District. Finally, APPLE also sold the iPad tablet computer (hereinafter "iPad") through its web site, essential acts consummating the sale of many iPads occurred within this judicial District.

## PLAINTIFFS

5. Jacob Baltazar, Claudia Keller and John R. Browning, the named/representative Plaintiffs identified herein, were and are natural persons and, during the relevant time period, purchased and used (or attempted to use) the iPad, yet did not receive the full value of the product, as promised by APPLE.

6. As used throughout this Complaint, the term "Class Members" and/or the "Plaintiff Classes" refers to the named plaintiff herein as well as each and every person eligible for membership in one or more of the classes of persons, as further described and defined herein.

7. At all times herein relevant, Representative Plaintiffs were and are persons within each of the classes of persons further described and defined herein.

///

8. Representative Plaintiffs bring this action on behalf of themselves and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

## DEFENDANT

9. At all times herein relevant, APPLE was a corporation, duly licensed in California and doing business in this judicial District as well as throughout the United States. APPLE maintains its principal place of business in Cupertino, California.

10. Representative Plaintiffs are informed and believe and, on that basis, allege that, at all relevant times herein-mentioned, each of the defendants either identified herein and/or who may be identified in subsequent versions hereof was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

## CLASS ACTION ALLEGATIONS

11. Representative Plaintiffs bring this action on behalf of themselves and as a class action on behalf of the following Plaintiff Classes:

California Class:
"All persons who purchased, within the State of California, Apple, Inc.'s iPad tablet computer."

National Class:
"All persons who purchased, within the United States, Apple, Inc.'s iPad tablet computer."

12. Defendant and its officers and directors are excluded from both of the Plaintiff Classes.

13. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed Classes are easily ascertainable:

///

a. <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as the Representative Plaintiffs are informed and believe and, on that basis, allege that the total number of Class Members is in the millions of individuals. Membership in the Classes will be determined by analysis of point of sale, electronic-mail and/or other transactional information, among other records maintained by APPLE.

b. <u>Commonality</u>: The Representative Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over questions and issues solely affecting individual members, including, but not necessarily limited to:

1) Whether defendant APPLE knew or should have known of the problems associated with overheating of the iPad, either before the launch of the product and/or thereafter, as alleged herein;

2) Whether defendant APPLE had a duty to disclose to consumers the iPad's functionality under particular environmental conditions;

3) Whether defendant APPLE'S advertising of the iPad was false, deceptive, and/or misleading;

4) Whether defendant APPLE violated California Business and Professions Code §17500, *et seq.* by engaging in misleading or deceptive advertising;

5) Whether defendant APPLE violated California Civil Code §1750, *et seq.* by engaging in unfair or deceptive trade practices;

6) Whether defendant APPLE breached express warranties and/or implied warranties of merchantability and/or fitness regarding the iPad's functionality under particular environmental conditions;

7) Whether defendant APPLE violated California Civil Code §1790, *et seq.* by breaching express and implied warranties;

8) Whether defendant APPLE intentionally or negligently misrepresented the iPad's functionality under particular environmental conditions;

9) Whether defendant APPLE engagement in false representations regarding the iPad's functionality under particular environmental conditions constituted a fraud on consumers; and

///

<s>-4-</s>

<s>Complaint for Damages, Injunctive Relief and Restitution</s>

10) Whether APPLE violated Business and Professions Code §§ 17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices.

c. <u>Typicality</u>: The Representative Plaintiffs' claims are typical of the claims of the Plaintiff Classes. Representative Plaintiffs and all members of the Plaintiff Classes sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d. <u>Adequacy of Representation</u>: The Representative Plaintiffs in this class action are adequate representatives of each of the Plaintiff Classes in that the Representative Plaintiffs have the same interest in the litigation of this case as the Class Members, are committed to vigorous prosecution of this case and have retained competent counsel who is experienced in conducting litigation of this nature. The Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to other Class Members or the Classes in their entirety. The Representative Plaintiffs anticipate no management difficulties in this litigation.

e. <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each individual member of the Plaintiff Classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

### COMMON FACTUAL ALLEGATIONS

14. Established in 1976, APPLE has consistently been heralded as an innovative designer and distributer of various computer hardware and computer software packages – the company being perhaps best-known for its original Apple computer (1976), Apple Macintosh computer (1984) and, in recent years, the iPod and iPhone products.

15. On January 27, 2010, Steve Jobs, APPLE's Chief Executive Officer, unveiled the company's then-newest product, the iPad, and announced a March 2010 launch date for sale of the so-called revolutionary device in the United States. Post-release (i.e., since in or about April 2010), APPLE had (reported as of June 22, 2010) sold over three million iPads, and sales continue in earnest today. Indeed, sales thereof have led to billions of dollars in APPLE revenue.

16. As such, the iPad has been purchased by millions of consumers, both in California and nationwide, all of whom are putative Class Members.

17. The iPad is a tablet computer, marketed for consumption of media such as books and periodicals, movies, music, and games and for general internet and e-mail access. The iPad is controlled by a multitouch display, weighs in at roughly 700 grams, uses the same operating system as the iPhone, and can run its own specific applications as well as those developed originally for the iPhone, making it appealing to users both familiar or unfamiliar with the iPhone.

18. Representative Plaintiffs are informed and believe and, on that basis, allege that APPLE intended and did, in fact, advertise and market the IPad as a direct (and superior) competitor to other tablet computers and/or e-readers (e.g., the Amazon Kindle).

19. Among the i Pad's many features is "iBooks," an e-book application which allows the iPad to act as an eBook reader, complete with APPLE's own bookstore, a feature that also put the iPad in competition with the Amazon Kindle and/or other e-readers. The presence of this and other iPad applications such as an email reader, the "Safari" web browser, "iTunes," "iPod," and the availability of numerous built-in and add-on applications, makes the iPad an attractive tool for consumers desiring the option of extended use of the product both indoors and outdoors, and under variable environmental conditions.

20. Indeed, according to the www.apple.com website, "[r]eading on iPad is just like reading a book." However, contrary to this promise, using the iPad is not "just like reading a book" at all since books do not close when the reader is enjoying them in the sunlight or in other normal environmental environments. This promise, like other portions of APPLE's marketing material for the iPad, is false.

21. Specifically, the iPad does not live up to the reasonable consumer's expectations created by APPLE insofar as the iPad overheats so quickly under common weather conditions that it does not function for prolonged use either outdoors, or in many other warm conditions, for a variety of common uses such as, but not necessarily limited to, an e-reader, email tool, web browser and/or game/entertainment unit.

Complaint for Damages, Injunctive Relief and Restitution

22. Nowhere in any of APPLE's press releases (e.g., the January 27, 2010 press release announcing the iPad and some of its applications, such as "iBooks" and "iTunes," the several press release since then which boast sales milestones reached by the iPad) and nowhere in any of APPLE's advertising materials which market the iPad to consumers does APPLE mention that the iPad is virtually unusable when sitting in particular environmental conditions (e.g., in direct sunlight in connection with virtually any ambient air temperature) since it turns off, sometimes after just a few minutes of use.

23. Since APPLE's launch of the iPad, complaints regarding the overheating of the product have become prevalent across the internet and within technology circles. Despite the existence of these complaints, and despite its legal obligation to do so, APPLE has taken no apparent steps to inform either potential consumers or previous purchases of the false promises detailed in this Complaint.

24. This action is brought to redress and end this pattern of unlawful conduct. Indeed, without an award of damages and injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

25. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiffs and Class Members were misled into purchasing the iPad, unjustly enriching Defendant at the expense of these consumers. Defendant, at all times, knew that Representative Plaintiffs and the Class Members would rely upon the misrepresentations and/or omissions of Defendant. Defendant's concealment, misbranding and non-disclosure were intended to influence consumers' purchasing decisions and were done with reckless disregard for the rights of consumers. Representative Plaintiffs' and Class Members' reliance, and resultant substantial monetary loss, were reasonably foreseeable by Defendant.

///
///
///
///
///

# FIRST CAUSE OF ACTION
# FRAUD
### (for the California and Nationwide Classes)

26. Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

27. The conduct of Defendant constitutes a fraud against Representative Plaintiffs and members of each of the Classes. Defendant, directly or through its agents and employees, made false representations to Representative Plaintiffs and members of each of the Classes that were likely to deceive Representative Plaintiffs and members of each of the Classes. Representative Plaintiffs and members of each of the Classes were misled by these false representations in purchasing goods and/or services from Defendant and/or entering into agreements with Defendant.

28. Through a consistent marketing campaign, among other means of communicating said promise, Defendant, directly and/or indirectly, made substantially-similar, if not identical, misrepresentations to Representative Plaintiffs and members of each of the Classes.

29. Representative Plaintiffs and members of each of the Classes reasonably and justifiably relied on Defendant's misrepresentations when purchasing the iPad, were unaware of the existence of facts that Defendant suppressed and failed to disclose, and, had the facts been known, would not have purchased the iPad and/or purchased it at the price at which it was offered.

30. As a direct and proximate result of Defendant's wrongful conduct, Representative Plaintiffs and members of each of the Classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not necessarily limited to, the monies paid to Defendant.

31. Moreover, in that, at all times herein mentioned, Defendant intended to cause or acted with reckless disregard of the probability of causing damage to Representative Plaintiffs and members of each of the Classes, and because Defendant was guilty of oppressive, fraudulent and/or malicious conduct, Representative Plaintiffs and members of each of the Classes are

Complaint for Damages, Injunctive Relief and Restitution

1 entitled to an award of exemplary or punitive damages against Defendant in an amount adequate
2 to deter such conduct in the future.

## SECOND CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
*(for the California and Nationwide Classes)*

32. Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

33. Defendant owed a duty to Representative Plaintiffs and members of each of the Classes to exercise reasonable case in making representations about the iPad that APPLE offered for sale thereto.

34. Defendant should have known of the nature of the problems associated with the iPad, as detailed in this Complaint and, thus, should have known that APPLE's representations, as also detailed, at least in part, in this Complaint, were false.

35. Defendant's representations were negligently and recklessly made to potential consumers and the general public (including Representative Plaintiffs and members of each of the Classes) through uniform statements prepared and/or disseminated by Defendant. Representative Plaintiffs and members of each of the Classes reasonably and justifiably relied on Defendant's misrepresentations when purchasing the iPad, were unaware of the existence of facts that Defendant suppressed and failed to disclose and, had the facts been known, would not have purchased the iPad and/or purchased it at the price at which it was offered.

36. As a direct and proximate result of these misrepresentations, Representative Plaintiffs and members of each of the Classes have been damaged in an amount to be proven at trial.

///
///
///
///

## THIRD CAUSE OF ACTION
### DECEPTIVE ADVERTISING PRACTICES
(California Business & Professions Code §§ 17500, et seq.)
*(for the California Class Only)*

37. The Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

38. California Business & Professions Code § 17500 prohibits "unfair, deceptive, untrue or misleading advertising."

39. Defendant violated California Business & Professions Code § 17500 when it represented, through its advertising, warranties, and other express representations that APPLE's iPad possessed characteristics and a value that it did not actually have.

40. Defendant's deceptive practices were specifically designed to induce Representative Plaintiffs and members of the California Class to purchase the iPad. Defendant engaged in broad-based marketing efforts in order to reach Representative Plaintiffs and California Class members and induce them to purchase this product.

41. To this day, Defendant continues to engage in unlawful, unfair and deceptive practices in violation of California Business & Professions Code § 17500. Specifically, Defendant continues to conceal the overheating problems associated with the iPad, as described in this Complaint, and has failed to provide an adequate remedy for its violations.

42. As a direct and proximate result of Defendant's unlawful conduct in violation of California Business & Professions Code § 17500, Defendant should be required to provide all proper remedies to Representative Plaintiffs and members of the California Class.

## FOURTH CAUSE OF ACTION
### CONSUMERS LEGAL REMEDIES ACT
(California Civil Code §1750, et seq.)
*(for the California Class Only)*

43. Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth

Complaint for Damages, Injunctive Relief and Restitution

herein.

44. Representative Plaintiffs and the members of the California Class are consumers who purchased APPLE's iPad, directly or indirectly from Defendant for personal and/or commercial use.

45. Representing that the iPad had/has characteristics, uses and/or benefits which it did/does not have constituted and continues to constitute an unfair or deceptive trade practice under the provisions of California Civil Code § 1770(a)(5) (the "Consumers Legal Remedies Act").

46. Representative Plaintiffs and members of California Class reasonably and justifiably relied on Defendant's misrepresentations when purchasing the iPad, were unaware of the existence of facts that Defendant suppressed and failed to disclose and, had the facts been known, would not have purchased the iPad and/or purchased it at the price at which it was offered.

47. Representative Plaintiffs and the members of the California Class have been directly and proximately injured by Defendant's conduct. Such injury may, but does not necessarily include nor is limited to, the purchase of the iPad and/or the purchase of the iPad at the price at which it was offered.

48. Insofar as Defendant's conduct violated California Civil Code § 1770(a)(5), Representative Plaintiffs and members of the California Class are entitled (pursuant to California Civil Code § 1780, *et seq.*) and do seek injunctive relief to end Defendant's violations of the California Consumers Legal Remedies Act.

49. In addition, pursuant to California Civil Code § 1782(a), Representative Plaintiffs on their own behalf and on behalf of members of the California Class, have notified APPLE of the alleged violations of the Consumer Legal Remedies Act. If, after 30 days from the date of the notification letter, APPLE has failed to provide appropriate relief for the violations, Representative Plaintiffs will amend this Complaint to seek compensatory, monetary and punitive damages, in addition to equitable and injunctive relief, and will further request that this Court enter such orders or judgments as may be necessary to restore to any person in interest any

money which may have been acquired by means of such unfair business practices, and for such other relief as provided in California Civil Code § 1780 and the Prayer for Relief.

### FIFTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
(California Business & Professions Code §§ 17200-17208)
*(for the California Class Only)*

50. Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

51. Representative Plaintiffs further bring this cause of action seeking equitable and injunctive relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

52. Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

53. Defendant's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to its competitors, engenders an unfair competitive advantage for APPLE, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

54. Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Representative Plaintiffs and to California Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

///

## SIXTH CAUSE OF ACTION
### Breach of Express Warranty
*(for the California and Nationwide Classes)*

55. Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

56. APPLE, as the designer, manufacturer, distributor and seller of the iPad, expressly warranted that the iPad being sold to the general public would operate properly and without defects, and would, therefore, operate under normal environmental conditions, as advertised.

57. In addition, APPLE's promotional statements, representations and demonstrations regarding the iPad became part of the basis of the bargain between consumers and APPLE, creating express warranties that the product purchased by the Representative Plaintiffs and members of each of the Classes would conform to APPLE's representations.

58. APPLE breached its express warranties because the iPad does not conform to the promises or affirmations made by APPLE to the Representative Plaintiffs and members of each of the Classes.

59. Representative Plaintiffs, on their own behalf and on behalf of members of each of the Classes, have provided and/or will provide reasonable notice to APPLE of the breach of warranty.

60. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiffs and members of each of the Classes are entitled to monetary damages in the amount of the difference in value between a properly-functioning iPad (as warranted by APPLE) and the improperly-functioning iPad actually purchased by Representative Plaintiffs and members of each of the Classes.

## SEVENTH CAUSE OF ACTION
### Breach of Implied Warranty
*(for the California and Nationwide Classes)*

61. Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth

herein.

62. APPLE is a merchant engaged in the business of selling electronic devices to consumers. APPLE's sale of the iPad is subject to an implied warranty of merchantability. APPLE breached said warranty by selling iPads which do not pass without objection in the trade under the descriptions and advertisements provided by APPLE, are not fit for the ordinary purpose for which such goods are used, and do not conform to the promises and affirmations of fact made on the container and labels.

63. Representative Plaintiffs and members of each of the Classes purchased iPads and used them for their ordinary and intended purpose which included, *inter alia*, downloading, viewing and storing multi-media data and applications and sending and receiving email.

64. The iPad cannot perform its ordinary and represented purpose because it suddenly and unexpectedly stops functioning when it becomes overheated, preventing further use until the product sufficiently cools.

65. When Defendant placed the iPad into the stream of commerce, it knew, reasonably should have known, or was obligated to understand that the intended and ordinary purpose of the iPad was to function consistently under normal environmental conditions.

66. Representative Plaintiffs and members of each of the Classes reasonably expected that the iPad they purchased would function consistently, and without sudden and unexpected interruption under normal environmental conditions.

67. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiffs and members of each of the Classes were injured and are entitled to damages in an amount to be proven at trial.

### EIGHTH CAUSE OF ACTION
### Intentional Misrepresentation
### *(for the California and Nationwide Classes)*

68. Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

69. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, marketing, distributing and/or selling the iPad, as alleged herein.

70. Defendant willfully, falsely, and knowingly misrepresented material facts relating to the character and quality of the iPad. These misrepresentations are contained in various media advertising and packaging disseminated or caused to be disseminated by Defendant, and such misrepresentations were reiterated and disseminated by officers, agents, representatives, servants, or employees of Defendant, acting within the scope of their authority, and employed by Defendant to merchandise and market the product.

71. Defendant's misrepresentations were the type of misrepresentations that are material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions).

72. Defendant knew that the misrepresentations alleged herein were false at the time it made them and/or acted recklessly in making such misrepresentations.

73. Defendant intended that Representative Plaintiffs and members of each of the Classes rely on the misrepresentations alleged herein and purchase an iPad.

74. Representative Plaintiffs and members of each of the Classes reasonably and justifiably relied on Defendant's misrepresentations when purchasing the iPad, were unaware of the existence of facts that Defendant suppressed and failed to disclose, and, had the facts been known, would not have purchased the iPad and/or purchased it at the price at which it was offered.

75. As a direct and proximate result of Defendant's intentional misrepresentation, Representative Plaintiffs and members of each of the Classes were injured and are entitled to compensatory and punitive damages, in amounts to be proven/awarded at trial.

**NINTH CAUSE OF ACTION**
**Breach of Song-Beverly Consumer Warranty Act**
**(California Civil Code § 1790, et seq.)**
*(for the California Class only)*

76. Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth

Complaint for Damages, Injunctive Relief and Restitution

herein.

77. The iPad is a "consumer good" within the meaning of California Civil Code § 1791(a).

78. Representative Plaintiffs and each member of the California Class purchased an iPad in California.

79. Defendant's express warranty and implied warranties of merchantability and fitness arose out of and/or were related to the sale of the iPads.

80. As set forth herein, Defendant failed to comply with its obligations under its express warranty and under its implied warranties of merchantability and fitness.

81. Representative Plaintiffs and the California Class Members have suffered and will continue to suffer damages as a direct and proximate result of Defendant's failure to comply with its warranty obligations, and are entitled to judgment pursuant to California Civil Code §§ 1791.1(d) and 1794, as well as attorneys' fees, costs and interest pursuant to California Civil Code § 1794(d).

### TENTH CAUSE OF ACTION
**Unjust Enrichment**
*(for the California and Nationwide Classes)*

82. Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

83. As alleged herein, Defendant intentionally and/or recklessly made false representations to Representative Plaintiffs and members of each of the Classes to induce them to purchase an iPad. Representative Plaintiffs and members of each of the Classes reasonably relied on these false representations when purchasing the iPad.

84. Representative Plaintiffs and members of each of the Classes did not receive all of the benefits promised by Defendant, and paid more to Defendant for the iPad than they otherwise would and/or should have paid.

///

85. It would be inequitable and unconscionable for Defendant to retain the profit, benefit and/or other compensation it obtained from its deceptive, misleading, and unlawful conduct alleged herein.

86. Representative Plaintiffs and members of each of the Classes are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon, all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## RELIEF SOUGHT

**WHEREFORE, the Representative Plaintiffs**, on behalf of themselves and the proposed **Plaintiff Classes**, pray for judgment and the following specific relief against **Defendant**, as follows:

1. That the Court declare, adjudge and decree that this action is a proper class action and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P. Rule 23;

### For the California Class Only:

2. That defendant APPLE is found to have violated California Business & Professions Code § 17200, *et seq.*, § 17500, *et seq.* and California Civil Code §1750, *et seq.*, and§ 1790, *et seq.*, as to the Representative Plaintiffs and California Class members;

3. That the Court order Defendant to pay restitution to the Representative Plaintiffs and the California Class Members due to Defendant's unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

4. That the Court further enjoin Defendant, ordering it to cease and desist from unlawful activities in violation of California Business and Professions Code §§ 17200, *et seq.*;

5. For reasonable attorneys' fees, pursuant to California Code of Civil Procedure § 1021.5 and/or California Civil Code §§ 1780(d) and/or 1794(d);

///

**For the California and National Classes:**

6. That defendant APPLE is found to have made fraudulent and/or negligent misrepresentations to Representative Plaintiffs and Class members;

7. An award to Representative Plaintiffs and members of both Classes of damages in an amount to be proven at trial;

8. For Punitive Damages in an amount appropriate to punish Defendant and to deter others from engaging in similar misconduct in the future;

9. For all other Orders, findings and determinations identified and sought in this Complaint;

10. For interest on the amount of any and all economic losses, at the prevailing legal rate; and

11. For costs of suit and any and all other such relief as the Court deems just and proper.

## JURY DEMAND

Representative Plaintiffs and members of each of the Plaintiff Classes hereby demand trial by jury on all issues triable of right by jury.

Dated: July 23, 2010          **SCOTT COLE & ASSOCIATES, APC**

By: _____
Scott Edward Cole, Esq.
Attorneys for Representative Plaintiffs
and the Plaintiff Classes