Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Hannah R. Salassi, Esq. (S.B. #230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
email: scole@scalaw.com
email: mbainer@scalaw.com
email: hsalassi@scalaw.com
web: www.scalaw.com

Attorneys for Representative Plaintiff Jacob Baltazar and the Plaintiff Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JACOB BALTAZAR, CLAUDIA KELLER, JOHN R. BROWNING, individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

APPLE, INC.,

Defendant.

**Case No. C10-03231**

**CLASS ACTION**

**PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S MOTION FOR INTRADISTRICT VENUE TRANSFER**

**Date:** November 5, 2010
**Time:** 9:00 a.m.
**Dept.:** Courtroom 11, 19th Floor
**Judge:** Hon. Jeffrey S. White

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## I. INTRODUCTION

This putative class action was filed on July 23, 2010, by Plaintiffs Jacob Baltazar, Claudia Keller, and John Browning alleging false advertising practices[1] on the part of Apple, Inc. with regard to sales of the Apple "iPad."[2] This case was filed in the Oakland division of the Northern District of California and is now properly assigned to the San Francisco division. Plaintiff Baltazar is a resident of Contra Costa County and Plaintiffs Keller and Browning are residents of Orange County. *Ex. A*, Declaration of Jacob Baltazar at 2; *Ex. B*, Declaration of Claudia Keller at 2; and *Ex. C*, Declaration of John Browning at 1.[3] Defendant Apple, Inc. is a California corporation headquartered in Cupertino, California. (Def. Mot. at 4.)

Defendant moves this Court to transfer this matter from the San Francisco division of this District to the San Jose division. A transfer is not warranted as it will not serve the convenience of the parties and witnesses, nor will it be in the interest of justice. Accordingly, Defendant's Motion should be denied.

## II. STANDARD

Under 28 U.S.C. §1404(a), a transfer is appropriate if it will serve the convenience of parties and witnesses and the interest of justice. *Id.* The local rules of the Northern District of California require a similar analysis in determining the appropriateness of a transfer of venue. Civil L.R. 3-2(h). For convenience and brevity, Plaintiffs will take up the analysis under the two statutes simultaneously.

---

[1] Plaintiffs' Complaint alleges ten causes of action on behalf of themselves and a nationwide class of consumers: Cause I (Fraud), Cause II (Negligent Misrepresentation), Cause III (False Advertising under Cal. Bus. & Prof. Code § 17500, *et seq.*), Cause IV (statutory claims under California's Legal Remedies Act - Cal. Civ. Code §1750), Cause V (statutory claims under California's Unfair Competition Act – Cal. Bus. & Prof. Code §§ 17200, *et seq.*), Cause VI (Breach of Express Warranty), Cause VII (Breach of Implied Warranty), Cause VIII (Intentional Misrepresentation), Cause IX (Breach of the Song-Beverly Consumer Warranty Act), and Cause X (Unjust Enrichment)

[2] The iPad is a mobile device developed, designed, and marketed by Apple, Inc. Apple released the iPad to consumers in April of 2010.

[3] Unless otherwise noted, all exhibits are attached to the Declaration of Matthew R. Bainer, Esq. ("*Bainer Decl*."), filed herewith.

Generally speaking, a plaintiff's choice of forum is entitled to significant deference and courts will disturb this choice only where factors weigh heavily in favor of transfer. *Panetta v. SAP Am., Inc.*, No. C-05-01696, 2005 U.S. Dist. LEXIS 36813, at *15 (N.D. Cal. July 26, 2005) (citing *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985)). A district court's ruling on a motion to transfer will only be overturned upon a showing of abuse of discretion. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) (citations omitted).

It is well established that the party moving for a transfer of venue bears the burden of showing the appropriateness of the transfer sought. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Particularly where, as here, the plaintiff's chosen venue is proper, the movant must present strong grounds for transferring the action; otherwise, the plaintiff's choice of venue will not be disturbed. *See Decker Coal Co.*, 805 F.2d at 843.

## III. ARGUMENT

### A. <u>PLAINTIFFS' CHOICE OF FORUM IS ENTITLED TO DEFERENCE</u>

Despite a slightly-reduced level of deference afforded to the plaintiff's choice of forum in nationwide class litigation, that deference is still significant. *Gintz v. Jack in the Box, Inc.*, No. C06-02857, 2007 WL 397306, at *2 (N.D. Cal. Feb. 1, 2007) (holding that while weight given to the plaintiff's choice of forum in a class action is diminished, the choice is "*still entitled to some deference.*") (emphasis added). The Ninth Circuit dictated, in *Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987), that the amount of deference allotted to the choice of venue depends on: (1) whether the operative facts have occurred within the chosen forum, and (2) whether the forum has an interest in the parties and/or subject matter. *See id*. at 739. Here, both of the *Belzberg* prongs are met; as such, Plaintiffs' choice of forum should be respected.

According to Civil Local Rule 3-2(d), "all civil actions which arise in the count[y] of…Contra Costa…shall be assigned to the San Francisco Division or the Oakland Division." *Id*. Plaintiff Baltazar has been a resident of Contra Costa County, almost exclusively, since childhood. *Ex. A* at 2. Plaintiff Baltazar has developed a strong, long-standing connection to the Walnut Creek

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

area - socially, professionally, and for familial purposes. *Id*. Further, the events giving rise to this action – the overheating and powering down of the Apple iPad - occurred, for Plaintiff Baltazar, within Contra Costa County. *Id*. at 4. Based on these connections between Plaintiff Baltazar and this division, the matter should remain in the San Francisco division of this District.

**B. <u>A TRANSFER WOULD INCONVENIENCE ALL THREE PLAINTIFFS</u>**

It is appropriate to consider the convenience of both the defendant and the plaintiff when ruling on a motion to transfer. *See* 28 U.S.C. § 1404(a) (noting that a court may transfer a matter to another district or division where such a transfer would serve the convenience of the *parties*) (emphasis added). Moreover, it is well-settled that where a transfer would serve merely to shift the burden from one party to another, rather than eliminate the inconvenience, it is proper to deny the motion. *See Decker Coal Co.*, 805 F.2d at 843. Defendant's Motion focuses solely on its own convenience; however, a transfer of this matter is inappropriate as it would inconvenience all three named Plaintiffs.

As to Representative Plaintiff Jacob Baltazar, a transfer of this matter to the San Jose division would almost double his travel time and expenses from Walnut Creek. Further, unlike the San Jose division, the San Francisco division of this District is accessible to Plaintiff Baltazar by way of the Bay Area Rapid Transit ("BART") lines. *Ex. A* at 5; *Ex. D*, BART station map. Therefore, in addition to increased mileage, a transfer to San Jose would inconvenience Plaintiff Baltazar insofar as his options for accessing the courthouse would be limited.

Similarly, Plaintiff Keller and Plaintiff Browning would be inconvenienced by a transfer of this matter to the San Jose division. *Ex. B* at 5; *Ex. C* at 5. While both Plaintiffs Keller and Browning are residents of Orange County (*Ex. B* at 2; *Ex. C* at 1), travel between the Los Angeles area and Oakland/San Francisco is significantly more convenient for the Plaintiffs than travel between Los Angeles and San Jose. *Ex. B* at 6; *Ex. C* at 6. A transfer of this matter would require Plaintiffs Keller and Browning to fly into the Oakland area and drive to San Jose and would further inconvenience them by way of increased time, effort, and cost.

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

In support of its contention that a transfer of this matter would serve the convenience of the parties, Defendant cites to wholly inapposite cases. For the proposition that a transfer is proper where it serves to lessen the disruption to a defendant's business operations, Defendant cites to *English v. United Brands Co.*, 1974 U.S. Dist. LEXIS 11702 (N.D. Cal. Dec. 6, 1974) (Def. Mot. at 6). However, in *English*, the court was faced with a transfer from the Northern District of California to the Central District of California, a distance of at least 300 miles, depending on the divisions to and from which the case was being transferred. *English*, 1974 U.S. Dist. LEXIS at *1-2. Here, Defendant seeks a far more modest transfer of a distance which could hardly be said to disrupt the business operations of technologically-savvy Apple, Inc.

Defendant also cites to *Rivera v. Hewlett-Packard Corp.*, 2003 WL 24029472 (N.D. Cal. Apr. 22, 2003), in which the Defendant was granted an intradistrict transfer from the Oakland division to the San Jose division of the Northern District of California. Defendant neglects to note, however, that the *Rivera* court held that the plaintiff's residency in Egypt made it such that the transfer would not create or increase any inconvenience to the plaintiff. *Id*. at *1. Here, Plaintiffs are not so far removed from the case as to make the *Rivera* holding applicable to the instant matter since all three named Plaintiffs are present in California.

Plaintiffs filed their matter in an appropriate division - one which has proper jurisdiction over this matter based on contact with Plaintiff Baltazar and the events giving rise to the action. The transfer sought would create or increase inconvenience for all three named Plaintiffs; as such, Defendant's Motion should be denied.

### C. <u>DEFENDANT FAILED TO CARRY ITS BURDEN OF PROOF REGARDING THE CONVENIENCE OF WITNESSES</u>

One of the most important factors in determining whether to grant a motion for venue transfer is the convenience of the witnesses. *Arete Power, Inc. v. Beacon Power Corp.*, No. C 07-5167, 2008 WL 508477, at *7 (N.D. Cal. Feb. 22, 2008). Case law on this point establishes that, to satisfy this prong of the transfer analysis, the moving party must provide the name, location, and expected testimony of witnesses who would be more convenienced by the transfer sought. *See Costco Wholesale Corp. v. Liberty Mutual Ins. Co.*, 472 F.Supp.2d 1183, 1193 (S.D. Cal. Jan. 24,

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

2007) (citing *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F.Supp.2d 1044, 1049 (N.D.Cal. July 26, 2001) and *Williams v. Bowman*, 157 F.Supp.2d 1103, 1108 (N.D.Cal. July 26, 2001)). Defendant fails to carry its burden under this prong –Defendant merely states that "far more witnesses are located in the San Jose division than in the San Francisco/Oakland divisions." (Def. Mot. at 8.) In fact, at present, the only identified witnesses are the named Plaintiffs, all of whom would be inconvenienced by the transfer sought. Defendant's unsupported assertion is insufficient to establish the appropriateness of a transfer of this matter and, therefore, Defendant's Motion should be denied.

**D. <u>A TRANSFER WOULD NOT BE IN THE INTEREST OF JUSTICE</u>**

The issue of "which forum will better serve the interest of justice is of predominant importance on the question of transfer and factors involving convenience of parties and witnesses are in fact subordinate." *Wireless Consumer Alliance, Inc. v. T-Mobile USA*, No. C 03-3711, 2003 U.S. Dist. LEXIS 26802, at *12 (N.D. Cal. Oct. 14, 2003). When looking at the interest of justice factor, "courts have listed governing factors as including: (1) avoidance of multiple actions, (2) sending the action to the state most familiar with governing law, or (3) the feasibility of consolidation with other actions." *Lee v. Lockheed Martin Corp.*, No. C03-1533, 2003 U.S. Dist. LEXIS 16301, at *4 (N.D. Cal. Sept. 15, 2003) (citing 5 Wright & Miller § 3854; *A.J. Industries, Inc. v. United States Dist. Ct.*, 503 F.2d 384 (9th Cir. 1974)).

In the instant matter, none of the governing factors weigh in favor of transferring this matter to the San Jose division. At present, there are no other cases with which this case could be consolidated, nor would a transfer of this matter avoid duplicative litigation. Turning to knowledge of applicable law, various divisions of the same District are likely to be equally knowledgeable and familiar with applicable caselaw; given this equality, this factor does not weigh in favor of transferring this case to the San Jose division.

In its Motion, Defendant argues that the possible reduction in litigation costs makes this case appropriate for transfer. (Def. Mot. at 8-9.) In support of this argument, Defendant relies on inapposite case law addressing a transfer between the Northern District of California and the Central District of California. (Def. Mot. at 8) (citing *Fabus Corp. v. Asiana Express Corp.*, No. C-00-3172,

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

2001 U.S. Dist. LEXIS 2568 (N.D. Cal. Mar. 5, 2001)). The reduction of possible litigation costs can hardly be said to be equivalent here, where the transfer sought would reduce Defendant's commute, and corresponding costs, by a far more modest distance.

Finally, Plaintiffs note that Defendant's admitted "substantial connection" to the San Jose division of this District may make a fair hearing and/or potential trial more difficult given that the local community may be unusually partial towards the local Defendant, Apple, Inc. (Def. Mot. at 7.) Thus, the San Francisco division may offer a more neutral ground on which to hear the issues of this matter.

As Defendant has failed to adequately show that the interest of justice support a transfer of this action to San Jose, Defendant's Motion should be denied and the matter should remain in the San Francisco division of this District.

## IV. CONCLUSION

This action is properly assigned to the San Francisco division of the Northern District of California. Defendant has failed to meet its burden of showing that a transfer to the San Jose division would serve the convenience of the parties and witnesses and be in the interest of justice. Based on the foregoing analysis, Plaintiffs respectfully request that this Court deny Defendant's Motion for Intradistrict Venue Transfer.

Dated: October 15, 2010

**SCOTT COLE & ASSOCIATES, APC**

By: /s/ Matthew R. Bainer
Matthew R. Bainer
Attorneys for the Representative Plaintiff
and the Plaintiff Class